CLARK *v.* SNOEYINK.

MORTGAGES—MERGER OF ESTATES—QUITCLAIM DEED—CONDITIONAL ACCEPTANCE.

Acceptance by mortgagee's agent of quitclaim deed from mortgagors conditional on its not operating as discharge of mortgage did not pass title, where mortgagors were later informed that said deed could not be accepted as release of their interest in property, and therefore there was no merger of estates which could be relied on by holder of second mortgage, although said deed, which was never recorded, was not returned to mortgagors.

Appeal from Ottawa; Vanderwerp (John), J., presiding. Submitted June 7, 1932. (Docket No. 16, Calendar No. 36,508.) Decided September 16, 1932.

Bill by Lena L. Clark against Albertus Snoeyink and others to foreclose a mortgage. From decree rendered, plaintiff appeals. Affirmed.

*Jarrett N. Clark,* for plaintiff.

*Daniel F. Pagelsen,* for defendants Hudsonville State Bank and Pellegrom.

SHARPE, J. The facts in this case are clearly and concisely stated by the trial court as follows:

"The plaintiff holds a mortgage on a parcel of land in Ottawa county given by defendant Snoeyink, in the year 1925. This was a second mortgage, Snoeyink and wife having given to the Hudsonville State Bank in the year 1915 a mortgage in the sum of $2,600. In the spring of this year the interest on both mortgages was past due, and taxes for two

years were unpaid.  The cashier of the Hudsonville
State Bank called to see the Snoeyinks regarding
the payment of taxes and interest, and, on a second
visit, without informing the cashier that he had
given a second mortgage, the defendant Snoeyink
agreed to execute a quitclaim deed of the premises
in order to save foreclosure of the bank mortgage.
Mr. McEachron, the cashier, had a blank deed with
him and they went in the house and explained the
matter to Mrs. Snoeyink, and both she and her hus-
band signed the quitclaim deed which McEachron
had run to Miss Angie Pellegrom, his sister-in-law.
After the deed had been executed, the Snoeyinks told
McEachron that they had given and there was out-
standing a second mortgage on the premises, which
is the mortgage held by the plaintiff.   McEachron
told them that inasmuch as such a second mortgage
had been given, it was probable the quitclaim deed
they had just executed could not be used, as it would
be necessary to foreclose the mortgage in any event.
He further said he was going to Grand Haven to
pay up the taxes on the property and would see an
attorney and find out if his idea of the law was cor-
rect.  He did this, and then informed the Snoeyinks
on a later visit that the deed could not be used, but
he did not return the deed to them, and now it ap-
pears that it has been mislaid.  The deed never was
recorded.

"The plaintiff files this bill to foreclose the second
mortgage, and asks that the same be held to be a
first mortgage on the premises inasmuch as she
claims the Hudsonville State Bank obtained a deed
to the premises, and, therefore, the title rests in the
bank, which, in effect, cancels the bank's mortgage.
There is no question but what the deed to Miss Pelle-
grom was executed in order to pass the title to her
as trustee for the bank.  However, I am of the opin-
ion that no title passed under the quitclaim deed,
in view of all the circumstances in this case.  Both
McEachron and Snoeyink testified in court and they

are in accord that the first information regarding the second mortgage was given to McEachron by Snoeyink after the deed had been executed, and that immediately McEachron informed Snoeyink in the presence of Mrs. Snoeyink that in his view of the case the deed would have no effect, which opinion he later confirmed. The bank has since foreclosed its mortgage by advertisement, and the sale was made October 15, 1931, as I remember it. Of course, all parties have one year from that day in which to redeem.''

He concluded as a matter of law that plaintiff's mortgage was subject to that held by the bank, and that, to entitle plaintiff to the benefit of foreclosure, she must redeem from the sale thereof before the time for redemption expired, and decreed accordingly. Plaintiff has appealed.

The acceptance of the deed by McEachron, acting for the bank, was conditional on its not operating as a discharge of the bank's mortgage, and, when advised that it would have that effect, the Snoeyinks were informed that it could not be accepted as a release of their interest in the property. The deed should have been returned to them, but the omission to do so did not entitle the plaintiff to rely thereon as a merger of the mortgage held by the bank with their title and thus prevent foreclosure. In our opinion the case was properly decided. See *Anderson* v. *Thompson*, 225 Mich. 155, and cases cited.

The decree rendered is affirmed, with costs to the appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.